1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB ANDREW JOHNSTON,

            Plaintiff,

    v.

JESSICA HARRARA,

            Defendant.

CASE NO. 3:22-cv-05935-BJR-JRC

ORDER TO SHOW CAUSE OR
AMEND COMPLAINT

This matter is before the Court on referral from the District Court and on plaintiff Jacob Andrew Johnston's filing of a proposed complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. Dkts. 1, 1-1.

Plaintiff Jacob Andrew Johnston, an incarcerated individual at Monroe Correctional Center, appears to be alleging that during a prior period of incarceration at Washington Correctional Center ("WCC"), WCC floor officers, sergeants, and a superintendent violated his Eighth Amendment protection from cruel and unusual punishment by denying his access to showers, but does not state how any of the individuals were personally involved so as to state a viable claim for relief.

Having reviewed and screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court declines to serve the complaint because the proposed complaint fails to state a claim upon which relief can be granted. However, the Court will grant plaintiff an opportunity to amend his proposed complaint to correct the deficiencies set forth herein. If plaintiff chooses to amend his proposed complaint, he must file his amended proposed complaint on the Court's form, on or before February 1, 2023. Failure to do so or to comply with this Order will result in the undersigned recommending dismissal of this matter without prejudice.

The Court further notes that plaintiff has filed a motion to proceed *in forma pauperis* in this matter. Should plaintiff's motion be granted, he will nevertheless be required to make partial payments toward the $350 filing fee. Because, at present, it does not appear that plaintiff has presented this Court with a viable claim for relief, the Court declines to rule on his *in forma pauperis* motion at this time so that if plaintiff chooses not to proceed with this case, he will not be required to make partial payments toward the $350 filing fee. Instead, the Clerk shall renote the *in forma pauperis* motion to February 1, 2023, to allow plaintiff to either file a viable claim for relief or choose not to proceed.

## BACKGROUND

Plaintiff's complaint challenges the conditions of his confinement in the intensive management unit ("IMU") at the WCC in Shelton. Specifically, plaintiff states that he was in the IMU "with all [the] defendants" due to "infractions" which he incurred "almost weekly." Dkt. 1-1, at 4. Plaintiff names eight floor officers, two sergeants, the custody unit supervisor, and the WCC superintendent as defendants. *Id.* at 3. Plaintiff states that his infractions towards women in the IMU led defendants to stop giving him showers, and at one time he was not allowed to shower for a full month, missing 12 showers. *Id.* at 5. Plaintiff also states that at other times he

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 2

was not allowed to shower due to defendants' actions. *Id.* Plaintiff alleges that he reported this issue to prison sergeants and the superintendent but received no assistance. *Id.* As for his damages, plaintiff states:

> I was not able to shower on a regular bas[is]. I would smell, be sticky and not groomed in my face. I could [have] gotten sick d[ue] to the neglect.

*Id.* Plaintiff seeks $100,000 in damages from each floor officer and $250,000 in damages, each, from the custody unit supervisor, two sergeants, and superintendent "d[ue] to their knowledge and not stoppage of [the] neglect." *Id.* at 6.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's proposed complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

An institution must provide prisoners with "adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), *overruled on other grounds by Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008). However, while a severe or prolonged lack of sanitation could amount to a constitutional violation, *see Anderson v. County of Kern*, 45 F.3d 1310, 1314, *as amended*, 75 F.3d 448 (9th Cir. 1995), not every deprivation of

poor condition of confinement reaches that extreme. The Ninth Circuit has held that a denial of twenty-one days of exercise and inadequate food, sanitation, and care does not necessarily effect a constitutional violation. *See May v. Baldwin*, 109 F.3d 557, 565–66 (9th Cir. 1997). There is no constitutional right to a certain number of showers per week and an occasional or temporary deprivation of a shower does not effect a constitutional violation. *See, e.g., Gonzales v. Price*, 2009 WL 4718850 at *6 (E.D. Cal. 2009) ("Plaintiff alleges being denied showers approximately twenty-five days in a two year period, with apparently no such prohibition being imposed for longer than three days in a row. Such temporary restriction on showers simply does not rise to the level of unconstitutional conditions of confinement."); *Cox v. McDaniel*, 2004 WL 7324716, at *5 (D. Nev. 2004) ("A few days denial of yard time or showers does not rise to a constitutional violation."); *see generally Anderson*, 45 F.3d at 1315 (temporary sanitary limitations do not violate constitutional rights).

Here, plaintiff alleges a considerably more lengthy deprivation of 12 showers over a 30-day period—in other words, a full month without showers. Dkt. 1-1, at 5. Thus, unlike the plaintiffs in *Gonzales* and *Cox*, who were deprived of showers only on a sporadic or occasional basis, plaintiff has shown a deprivation sufficient to support an Eighth Amendment claim.

However, plaintiff does not state any allegations against any defendant personally, instead alleging generally that the defendant floor officers deprived him of showers and that the custody unit supervisor, sergeants and superintendent failed to intervene. These allegations are insufficient to state a claim under § 1983. To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects

another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989).

If plaintiff wishes to pursue this § 1983 action, he must provide an amended complaint with a short, plain statement explaining exactly what the named defendants did or failed to do and how the actions violated plaintiff's constitutional rights and caused him harm.

## A.    Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve plaintiff's proposed complaint. If plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint on the form provided by the Court, including only claims challenging the conditions of his confinement.

The amended § 1983 complaint must contain a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended proposed complaint on the form provided by the Court. The amended proposed complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended proposed complaint

1   will act as a complete substitute for any previously filed complaint, and not as a supplement. The

2   Court will screen the amended proposed complaint to determine whether it states a claim upon

3   which relief can be granted and contains factual allegations linking each defendant to the alleged

4   violations of plaintiff's rights. The Court will not authorize service of the amended proposed

5   complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

6         If plaintiff fails to file an amended proposed complaint or fails to adequately address the

7   issues raised herein on or before **February 1, 2023**, the undersigned will recommend dismissal

8   of this action pursuant to 28 U.S.C. § 1915A.

9         The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

10   civil rights complaint and to send copies of this Order and Pro Se Instruction Sheet to plaintiff.

11   The Clerk is further directed to renote plaintiff's motion to proceed *in forma pauperis* (Dkt. 1)

12   for **February 1, 2023**.

13         Dated this 4th day of January, 2023.

14

15                                                          J. Richard Creatura
16                                                          Chief United States Magistrate Judge

17

18

19

20

21

22

23

24

ORDER TO SHOW CAUSE OR AMEND COMPLAINT
- 6