UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB ANDREW JOHNSTON,<br><br>                Plaintiff,<br>    v.<br><br>JESSICA HARRARA, *et al.*,<br><br>                Defendants. | CASE NO. 3:22-cv-05935-BJR-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: August 4, 2023 |

This matter is before the Court on referral from the District Court and on Plaintiff's motion for voluntary dismissal. Dkt. 41. Defendants have responded and agree that the case should be dismissed. Dkt. 43. Plaintiff did not file a reply. The Court recommends that Plaintiff's motion be granted and this case be dismissed without prejudice.[1]

**I.   BACKGROUND**

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this matter on November 29, 2022. After the Court declined to serve Plaintiff's initial Complaint, Plaintiff filed his Amended

---

[1] Also pending is Defendants' motion for summary judgment. Dkt. 33. In light of the recommended voluntary dismissal of this action, the Court recommends Defendants' summary judgment motion be denied as moot.

REPORT AND RECOMMENDATION - 1

Complaint, the operative complaint in this matter, on February 15, 2023. The Court directed service of the Amended Complaint (Dkt. 13), and Defendants filed their Answer on May 23, 2023. Dkt. 30. On June 2, 2023, Defendants filed a motion for summary judgment, which the Court has renoted to be considered along with Plaintiff's motion for voluntary dismissal. Dkts. 33, 42.

On June 13, 2023, Plaintiff filed a motion in four of his pending matters, including this one, to "cancel all above cases." Dkt. 41. Plaintiff states that he requests all of the identified cases to be "dropped." *Id*. Defendants have responded, and do not oppose Plaintiff's motion. Dkt. 43.

## II.   DISCUSSION

The Court construes Plaintiff's request as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41. Rule 41(a)(2) provides that, unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . .." Fed. R. Civ. P. § 41(a)(2). The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980).

A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (stating the purpose of Rule 41(a)(2) is "to permit

a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal.").

Plaintiff's motion states he seeks dismissal because he wishes to "drop" his pending cases. Dkt. 41. The Court concludes Plaintiff seeks dismissal of this matter without prejudice. *Id*. Defendants state they do not object to plaintiff's motion. Dkt. 43.

The Court therefore recommends plaintiff's motion be granted pursuant to Fed. R. Civ. P. 41(a)(2) and this action be **DISMISSED** without prejudice.

### III.  CONCLUSION

The Court recommends Plaintiff's motion for voluntary dismissal (Dkt. 41) be **GRANTED**, that Defendants' motion for summary judgment (Dkt. 33) be **DENIED** as moot, and that this case be **DISMISSED** without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on August 4, 2023, as noted in the caption.

Dated this 18th day of July, 2023.

Grady J. Leupold
United States Magistrate Judge